IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNEDY HOUSE, INC., | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO. 11-2477 |
| | : | |
| v. | : | |
| | : | |
| MONIQUE HOFKIN, et al., | : | |
| | : | |
| Defendants. | : | |

**M E M O R A N D U M**

**Jones, II, J.**                                                      **May 31, 2011**

On January 24, 2011, Plaintiff Kennedy House filed this action in the Court of Common

Pleas of Philadelphia County against Defendants Monique Hofkin, Jonathan Seya and Sofia

Massara.[1]  Defendants Seya and Massara were served with the Complaint on February 3, 2011.

(Dkt. No. 2, Ex. A.)  Defendant Hofkin was served with the Complaint on March 9, 2011.  (Dkt.

No. 2, Ex. C.)

Neither Defendant Seya nor Defendant Massara entered an appearance nor responded to

the Complaint, and the Court of Common Pleas entered judgment against them by default on

March 23, 2011.  (Dkt. No. 2, Ex. B.)  Defendant Hofkin filed a Notice of Removal *pro se* on

April 11, 2011, on grounds of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).  (Dkt.

No. 1, Ex. D.)  Plaintiff filed its Motion to Remand on April 19, 2011.  (Dkt. No. 2.)

Pursuant to 28 U.S.C. § 1446(b), a notice of removal in a civil action or proceeding

---

[1]Plaintiff's Complaint seeks (1) to eject Defendants Seya and Massara as unauthorized
occupants of Plaintiff's property; and (2) to foreclose upon Defendant Hofkin's membership
interest in Plaintiff's property pursuant to Pennsylvania's Real Estate Cooperative Act, 68 Pa.
Cons. Stat. Ann. § 4101 *et seq.*  (Dkt. No. 1, Ex. A.).

"should be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . ."  Where notice of removal is not filed within those 30 days, the removal is procedurally defective and the matter may be remanded upon party motion.[2]  Here Defendant Hofkin was served on March 9, 2011; her deadline to file any notice of removal expired on April 8, 2011.  Filed on April 11, 2011, Hofkin's removal was untimely and thus procedurally defective such as to require remand to state court.

Even if Hofkin had timely filed her notice of removal, or if the Court were to treat her removal notice as timely in light of her *pro se* status,[3] the Court would be obliged to remand this matter because complete diversity does not exist between the parties and thus this Court lacks jurisdiction.  *See* 28 U.S.C. § 1441(a) (a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction"); 28 U.S.C. § 1332(a) (federal courts have original jurisdiction over cases between citizens of different states where the amount in controversy exceeds $75,000).  Complete diversity requires that "no plaintiff can be a citizen of the same state as any of the defendants."  *Grand Union Supermarkets of the Virgin Islands, Inc. v. H.E. Lockhart Mgmt., Inc.*, 316 F.3d 408, 410 (3d Cir. 2003).  A corporation is deemed to be a citizen of the state in which is was incorporated as well as the state

---

[2] *See PAS Travelers Ins. Co.*, 7 F.3d 349, 352 (3d Cir. 1993) (remand appropriate under 28 U.S.C. § 1447(c) for defect in removal procedure due to untimely filing); *Hunt v. Acromed Corp.*, 961 F.2d 1079, 1082 (3d Cir. 1992) (remand appropriate where notice of removal was filed five days after 30-day statutory deadline to remove had run).

[3] Hofkin argues that she believed she had filed within the 30-day parameter, and as a *pro se* litigant, she should be afforded leniency in her efforts to comply with the Court's procedures. (Dkt. No. 7 ¶¶ 16, 19.)

where it has its principal place of business. *See* 28 U.S.C. § 1332(c); *Grand Union*, 316 F.3d at 410 (corporation's principal place of business "is not 'where . . . final decisions are made on corporate policy,' but rather where the corporation 'conducts its affairs.'"). While Kennedy House is incorporated in Delaware, it runs its business in Pennysylvania.[4] Accordingly, despite Hofkin's contention to the contrary, Kennedy House is a citizen of Pennsylvania.[5] Since Hofkin is also a citizen of Pennsylvania, complete diversity of citizenship is missing and this Court lacks jurisdiction over the matter.[6]

In these circumstances, the Court will grant Plaintiff's Motion to Remand, but it will deny Plaintiff's request for attorneys' fees and costs.[7] An appropriate Order follows.

---

[4]Kennedy House's office is located at 1901 John F. Kennedy Boulevard in Philadelphia, Pennsylvania. Furthermore, the Kennedy House entity's purpose is to manage the cooperative housing project also known as Kennedy House, which is also located at 1901 John F. Kennedy Boulevard in Philadelphia, Pennsylvania. (Dkt. No. 2 at ¶¶ 17-18.)

[5]*See* Dkt. No. 1 at ¶ 6 (alleging that Kennedy House is incorporated in Delaware and thus insinuating that complete diversity exists and removal would be proper).

[6]*See id.* (noting that Seya and Hofkin are citizens of Pennsylvania).

[7]Kennedy House argues that the Court should award payment of its costs and expenses in effecting remand of this matter because Hofkin "deliberately attempted to mislead this Court" into believing her removal of this matter was timely. (Dkt. No. 2 at 6.) Although Hofkin was served with the Complaint on March 9, 2011, she represented to the Court in her Notice of Removal that she was served "on or about March 11, 2011," such that her removal notice was timely filed on April 9, 2011. (Dkt. No. 1, Ex. D.) While the Court raises its figurative eyebrow at the coincidental timing of Hofkin's alleged receipt of the Complaint and her subsequent removal filing, it can envision a scenario in which a *pro se* litigant might misunderstand the time computation required by the Court. Given that the removal was filed only three days late and the Court is unable to assess Hofkin's bad faith, if any, with any certainty, it declines to assess Kennedy House's costs and fees to her.